HONORABLE ROBERT J. BRYAN

RECEIVED
MAR 17 2000
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

FILED ___ LODGED
RECEIVED
MAR 10 2000
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT
# OF WASHINGTON

SEEDER TREE COMPANY, INC., a Washington corporation,

    Plaintiff,

vs.

DANIEL GLICKMAN, THE SECRETARY OF AGRICULTURE; UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES FOREST SERVICE,

    Defendants,

and

FRIENDS OF THE COLUMBIA GORGE,

    Defendant-Intervenor.

CIVIL ACTION, FILE NO. C99-5034RJB

**PRETRIAL ORDER**

(Pretrial conference: March 17, 2000, at 8:30 a.m.)

(Trial: March 27, 2000)

## A. JURISDICTION.

The plaintiff contends, and the court has held (Order Denying Motion to Dismiss; Order Determining that Discovery and a Trial Are Necessary) that this court has jurisdiction over this action by virtue of 16 U.S.C. 544m(b)(4)(A)(Columbia River Gorge National Scenic Area Act).

The defendants continue to maintain that the court is without subject matter jurisdiction over this action.

The intervenor takes no position with respect to jurisdiction.
PRETRIAL ORDER - 1
pra\seeder\pretrial.ord
BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 766-6943

48

## B. CLAIMS AND DEFENSES

<u>Plaintiff</u>

The plaintiff will pursue at trial the following claim:

Plaintiff, Seeder Tree Company, Inc. (Seeder), owns 240 acres of forest land (the Augspurger Mountain property) located within Skamania County, Washington. This land is within the Special Management Area ("SMA") of the Columbia River Gorge National Scenic Area.

Under 16 U.S.C. 544f(o), if an owner of land within the SMA makes a bona fide offer to sell its property to the United States Forest Service ("USFS") and the USFS does not acquire the property within three years, the land is no longer subject to the SMA land use restrictions. Seeder seeks a declaration from the court that the Augspurger Mountain property is no longer bound by the SMA land use restrictions because, on January 12, 1996, Seeder made a bona fide offer to sell or otherwise convey its property to the USFS for the fair market value, three years have passed since that offer, and the USFS has not acquired the property.

<u>Defendants</u>

The defendants will pursue at trial the following affirmative defenses and/or claims:

1. Lack of Subject Matter Jurisdiction.
2. Ripeness.
3. Absence of Case or Controversy.
4. Absence of final agency action or order which is subject to judicial review.
5. Lack of jurisdiction to review agency action by trial *de novo*.
6. Failure to fulfill the prefiling notice requirements of 16 U.S.C. § 544m(b)(2).

PRETRIAL ORDER - 2
pra\seeder\pretrial.ord

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-6943

Intervenor

The intervenor does not intend to pursue any claims or affirmative defenses.

### C. ADMITTED FACTS

The following facts are admitted by the parties:

1. The Augspurger Mountain property is located in Skamania County and is within the SMA.

2. Skamania County has adopted the land use ordinance referenced in 16 U.S.C. 544f(o).

3. In September of 1995, The Healy Company appraised the Augspurger Mountain property in accordance with the Uniform Appraisal Standards for Federal Land Acquisitions (Interagency Land Acquisition Conference, 1973).

4. The fair market value of the property, as determined by The Healy Company, in its 1995 appraisal, was $2.5 million.

5. In December of 1995, the USFS approved the appraisal done by The Healy Company which established a fair market value of $2.5 million.

6. A subsequent appraisal update by The Healy Company established a fair market value of $2,544,000, which value was approved by the USFS on or before March 14, 1996.

The plaintiff contends as follows:

1. On January 12, 1996, Seeder made a bona fide offer to sell or otherwise convey its property to the USFS for the fair market value.

2. It was agreed at the meeting of January 12, 1996 that, contingent on a reappraisal of the property approved by the Regional Office of the Forest Service, the fair market value of the Augspurger Mountain property would be no lower than $2.5 million.

3. Seeder's January 12, 1996 offer was made pursuant to, and met all of the requirements of, 16 U.S.C. § 544f(o).

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-6943

4.   Three years have passed since the meeting of January 12, 1996, and the USFS has not acquired the Augspurger Mountain property.

The defendants and intervenor contend as follows:

1.   At no time have defendants taken any final action or order relating to the implementation of 16 U.S.C. § § 544-544p insofar as the Augspurger property is concerned.

2.   At no time have defendants violated the provisions of 16 U.S.C. § § 544-544p or failed to perform a mandatory duty thereunder insofar as the Augspurger property is concerned.

3.   At no time prior to the filing of this action did plaintiff comply with the prefiling notice requirements of 16 U.S.C. § 544m(b)(2).

4.   At no time did plaintiff intend to offer its property for sale to the U. S. Forest Service under 16 U.S.C. § 544f(o), and at no time did plaintiff offer its property for sale to the U. S. Forest Service under 16 U.S.C. § 544f(o).

### D. ISSUES OF LAW

1.   Did Seeder make a bona fide offer, on January 12, 1996, to sell or otherwise convey its Augspurger Mountain property to the U.S.F.S. for fair market value?

2.   If Seeder did make such an offer, did this offer meet the requirements of 16 U.S.C. § 544f(o) and thereby trigger the operation of that statute such that the Augspurger Mountain property is no longer subject to SMA land use restrictions?

### WITNESSES

(a)   On behalf of plaintiff:

| Name and Address | Will Testify or Is Possible Witness Only | General Nature of Expected Testimony |
|---|---|---|
| Joseph Schreiner<br>105 E. 8th Avenue<br>Olympia, WA 98501 | Will testify | Mr. Schreiner will testify that on January 12, 1996, he made an offer, on behalf of Seeder |

PRETRIAL ORDER - 4
pra\seeder\pretrial.ord

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-8943

| | | | |
|---|---|---|---|
| | | | Tree Company, to sell or otherwise convey to the USFS Seeder Tree Company's 240 acres for fair market value and that such offer was made pursuant to 16 U.S.C. 544f(o). |
| | David Thompson<br>105 E. 8th Avenue<br>Olympia, WA 98501 | Will testify | Mr. Thompson will testify regarding meetings and conversations with the USFS before and after the January 12, 1996 meeting. He will also testify that he attended the January 12, 1996 meeting and that at that meeting Mr. Schreiner, on behalf of Seeder Tree Company, offered to sell or otherwise convey Seeder Tree Company's 240 acres to the USFS for fair market value pursuant to 16 U.S.C. 544f(o). |
| | Arthur Carroll<br>USFS | Possible witness only (adverse) | Mr. Carroll may be called to testify as to the January 12, 1996 meeting as well as meetings, conversations, and correspondence prior to and subsequent to the meeting of January 12, 1996. |
| | Edward Medina<br>USFS | Possible witness only (adverse) | Mr. Medina may be called to testify as to the January 12, 1996 meeting as well as meetings, conversations, and correspondence prior to and subsequent to the meeting of January 12, 1996. |
| | Cynthia Swanson<br>USFS | Possible witness only (adverse) | Ms. Swanson may be called to testify as to the January 12, 1996 meeting as well as meetings, conversations, and correspondence prior to and subsequent to the meeting of January 12, 1996. |

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-6943

1-28

(b)   On behalf of defendants:

| Witness | Status | Description |
|---|---|---|
| Edward A. Medina<br>Realty Specialist<br>Columbia River Gorge<br>National Scenic Area<br>U. S. Forest Service<br>902 Wasco Ave., Suite 200<br>Hood River, OR 97301 | Will testify | Mr. Medina was the Chief Negotiator for the Forest Service for the acquisition of the Augspurger Mountain property and can testify about the U. S. Forest Service's efforts to acquire the property from plaintiff, including details of conversations with its representatives. |
| Arthur J. Carroll<br>Area Manager<br>Columbia River Gorge<br>National Scenic Area<br>U. S. Forest Service<br>902 Wasco Ave., Suite 200<br>Hood River, OR 97301 | Possible witness only. | Mr. Carroll was involved in portions of the negotiations for the acquisition of the Augspurger Mountain property and can testify as to details of conversations and meetings with its representatives. |
| Dave Tilton<br>Land Use Coordinator-Forester<br>Columbia River Gorge<br>National Scenic Area<br>U. S. Forest Service<br>902 Wasco Ave., Suite 200<br>Hood River, OR 97301 | Possible witness only. | Mr. Tilton reviewed the Seeder Tree Forest Practices Application with respect to the Augspurger Mountain property and can testify as to details of conversations with its representatives. |
| Cindy Swanson<br>Group Leader, Land Adjustment<br>U. S. Forest Service, Region 9<br>310 W. Wisconsin Ave., Ste 300<br>Milwaukee, WI 53203 | Will testify. | Ms. Swanson was a Land Adjustment Zone Leader with the Columbia River Gorge National Scenic Area and she assisted with the development of a proposal for acquisition of the Augspurger Mountain property through a tripartite exchange, and she attended several meetings with representatives of Seeder Tree Company, Inc., and can testify as to details of conversations with its representatives. |

PRETRIAL ORDER - 6
pra\seeder\pretrial.ord

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-8943

| | | |
|---|---|---|
| Dave Sell<br>U. S. Department of Transportation<br>Vancouver, WA | Possible witness only. | Mr. Sell was formerly with the Forest Service and was responsible for land use design review. Mr. Sell worked with Mr. Thompson and Mr. Tilton in developing SMA Timber harvest plans for the Augspurger Mountain property and can testify as to details of conversations with its representatives. |

(c)   On behalf of intervenor:

| | | |
|---|---|---|
| Michael Lang<br>Friends of the Columbia Gorge<br>522 S.W. Fifth Avenue, Suite 820<br>Portland, OR 97204 | Possible witness only. | Mr. Lang may testify about the process under 16 U.S.C. §544f(o) regarding offers to sell land to the U. S. Forest Service. He may also testify about the role of the public regarding Forest Service acquisition of lands under 16 U.S.C. § 544f(o) and the redesignation of lands not acquired. |

(d)   Plaintiff's objections to intervenor's witness:

Plaintiff objects to the intervenor calling any witnesses to testify at trial. Plaintiff maintains that disclosure of Michael Lang as a possible witness was untimely. Under Fed.R.Civ.Proc. 26(a), the intervenor had an affirmative duty to disclose, without awaiting a discovery request, the names of lay and expert witnesses. The intervenor did not disclose Michael Lang as a possible witness until March 1, 2000, when it included Mr. Lang as a possible witness in its Amended Pre-trial Statement. (The intervenor's initial Pre-trial Statement indicated that the intervenor did not intend to call any witnesses of its own.) Disclosure of Mr. Lang as a possible witness came long after the discovery cutoff in this case.

Plaintiff also objects to Mr. Lang's possible testimony on the grounds of hearsay and relevance. There may be other objections to his testimony as well. However, given the tardy disclosure and the fact that the plaintiff has heretofore not been given the opportunity to depose Mr. Lang, all the bases for objection are not known and

PRETRIAL ORDER - 7
pra\seeder\pretrial.ord

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-6943

plaintiff reserves the right to raise additional objections, if the trial court permits Mr. Lang to testify.

## F. EXHIBITS

(a)   Admissibility stipulated:

Plaintiff's Exhibits

1. Listing of section 8(o) offers to the USFS.

2. Section 8(o) policy for the Columbia River Gorge National Scenic Area prepared by USDA Forest Service, Pacific Northwest Region.

3. Narrative appraisal by the Healy Company dated 9/8/95.

4. Declaration of Arthur Carroll dated 1/25/96.

5. Memorandum from Arthur Carroll dated 7/28/95.

6. Letter from David Thompson dated 11/1/95.

7. Memorandum from Arthur Carroll dated 12/8/95.

8. 12/13/95 memo to: the record re: appraisal review, including approval by Pauline McGinty and Mark Schultz.

9. 2/19/96 limited appraisal (update).

10. 3/13/96 memo to: the record from Pauline McGinty and Mark Schultz recommending the updated value of $2,544,000.

11. 9/14/97 letter from David Thompson.

Defendants' Exhibits

A-1. Letter to Mr. Medina from Mr. Thompson dated July 4, 1995.

A-2. Agreement to Initiate an Exchange.

A-5. Letter to Mr. Carroll from Mr. Thompson dated May 5, 1996.

A-7. Letter to Mr. Thompson from Mr. Carroll dated October 30, 1996.

PRETRIAL ORDER - 8
pra\seeder\pretrial.ord

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-6943

A-10. Letter to Mr. Thompson from Mr. Carroll dated January 16, 1996.

A-11. Letter to Hon. Al McKee, Skamania County Commissioner from Mr. Carroll dated February 1, 1996.

A-12. Letter to Mr. Medina from Hon. Al McKee, Skamania County commissioner, et al., dated February 26, 1996.

A-15. Memorandum to Ed Medina from Arthur Carroll dated October 29, 1996.

(b) Authenticity stipulated, admissibility disputed:

Defendants' Exhibits

A-4. Transcript of Proceedings Before Forest Practices Appeal Board, <u>Columbia River Gorge Commission, et al. v. Seeder Tree Company, et al.</u>, November 22, 1995.

A-6. Copy of Electronic Mail Message from David Tilton to Ed Medina dated 7/1/96.

A-9. Handwritten Notes of Ed Medina regarding negotiations with representatives of Seeder Tree Company.

A-13. Handwritten memorandum from David Tilton to Jurgen Hess dated June 27, 1996.

A-14. Notes of Staff Meeting re: "Seeder Tree, Inc. Options" dated July 8, 1996.

A-16. Letter to Mr. Carroll from Mr. Bean dated August 8, 1997.

A-17. Letter to Mr. Bean from Mr. Carroll dated August 21, 1997.

A-18. Typed "Chronological(sic) of Events. . ." by Mr. Medina.

(c) Authenticity and admissibility disputed:

None.

## G. ACTION BY THE COURT

(a) This case is scheduled for a two-day trial without a jury on March 27, 2000, at 9:30 a.m.

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-8040
FAX (360) 786-6943

1  (b) Trial briefs shall be submitted to the court on or before March 17, 2000.

2  (c) By Order filed June 13, 1999, the court allowed intervention by the
3  Friends of the Columbia Gorge.

4  (d) By Order dated August 18, 1999, this court has previously denied
5  defendants' motion to dismiss for lack of subject matter jurisdiction and further
6  ordered that the nature of the case was such that discovery and a trial *de novo* was
7  necessary.

8  This Order has been approved by the parties as evidenced by the signatures
9  of their counsel. This Order shall control the subsequent course of the action unless
10  modified by a subsequent order. This Order shall not be amended except by order
11  of the court pursuant to agreement of the parties or to prevent manifest injustice.

12  DATED this _17th_ day of March, 2000.

13
14                                              _____
15                                              UNITED STATES DISTRICT JUDGE
                                                ROBERT J. BRYAN
16
17  FORM APPROVED:

18  BEAN & GENTRY                               KATRINA C. PFLAUMER
    Attorneys for Plaintiff                    United States Attorney
19                                              Attorney for Defendants

20  _____            _____ /per telephone approval/
    STEPHEN J. BEAN                            BRIAN C. KIPNIS
21

22  _____            REEVES, KAHN & EDER
    CECILIA M. CLYNCH                          Attorneys for Intervenor
23

24
25                                              _____ /per telephone approval/
                                                GARY K. KAHN
26
27
28

PRETRIAL ORDER - 10
pra\seeder\pretrial.ord

BEAN & GENTRY, LLP
ATTORNEYS AT LAW
COLUMBIA SQUARE
320 NORTH COLUMBIA STREET
POST OFFICE BOX 2317
OLYMPIA, WASHINGTON 98507
TELEPHONE (360) 943-9040
FAX (360) 786-6943

```
                                                                  dk
                    United States District Court
                              for the
                    Western District of Washington
                          March 17, 2000
```

* * MAILING CERTIFICATE OF CLERK * *

Re:   3:99-cv-05034

True and correct copies of the attached were mailed by the clerk to the
following:

```
    Stephen J. Bean, Esq.
    BEAN & GENTRY
    320 N COLUMBIA ST
    PO BOX 2317
    OLYMPIA, WA  98507

    Cecilia Marie Clynch, Esq.
    BEAN & GENTRY
    320 N COLUMBIA ST
    PO BOX 2317
    OLYMPIA, WA  98507

    Brian C Kipnis, Esq.
    U S ATTORNEY'S OFFICE
    STE 5100
    601 UNION ST
    SEATTLE, WA  98101-3903
    FAX 553-0116

    Gary K Kahn, Esq.
    REEVES, KEHN & EDER
    P O BOX 86100
    PORTLAND, OR  97286
    FAX 1-503-777-8566

    Judge Bryan
```